BOUTALL, Judge.
This is an appeal by opponents of an olographic will from adverse judgments dismissing the claims of one opponent on an exception of no right or cause of action, and the claims of the others on the merits. The facts are these:
Dock Albert Cutrer died at his domicile in New Orleans March 29, 1972. He was unmarried, had no direct ascending or descending heirs, but a number of collateral heirs. He left an olographic will naming his brother, Otto P. Cutrer, legatee to one-half of his estate and another brother, Homer D. Cutrer, legatee to the other one-half. On August 8, 1972 Otto P. Cu-trer filed a petition opening the decedent’s succession and presenting the will for probate. The will was probated on September 21, 1972. The next day, September 22, 1972, John T. Curtis, Sr., one of the appellants, presented a petition in the same proceedings seeking to be appointed administrator, alleging himself to be a creditor by virtue of payment of the funeral expenses, and alleging that the decedent died intestate. Curtis was a nephew of the decedent, being the son of Mrs. Dixie Cutrer Wild, a sister with whom the decedent was living prior to his death.
Curtis was appointed administrator on his ex parte showing, and on September 29, 1972, Otto Cutrer filed a rule to show cause why he should not be removed as administrator. To this pleading, Curtis filed an answer and further filed an opposition to the will contending that it was not writ *544 ten by the decedent and alternatively was made under duress. As a result of these and several other pleadings, a stipulation was entered into by the parties suspending the appointment of Curtis as administrator. The record further discloses that he was paid the debts allegedly due him by the Succession. Although in that stipulation Curtis agreed that he would bring his opposition to the will up for hearing within sixty days, it was not until March 2, 1973 that the matter finally came for trial. In the meantime, after several motions to set the matter for trial and conferences with the court, one of the other brothers of the decedent, John Cutrer intervened and filed an opposition to the will on February 1, 1973, adopting all of the allegations of Curtis’ opposition. The intervention and opposition of the third opponent-appellant, Homer Cutrer, was not filed until March IS, 1973, after judgment, in which he declared that he was a party at interest and desired to appeal from the judgment which had been rendered on March 5, 1973.
At the outset of the trial on the merits, it was determined that there were two issues before the court, one being the status of Curtis as administrator, and the other the opposition to the will. At this time, Otto Cutrer urged an exception of no right or cause of action (a written one was filed later at the Court’s request) against Curtis contending that he had no standing as a creditor since he had been paid, and that he had no standing as an heir, because his mother, the decedent’s sister, was still alive. The trial court maintained the exceptions, and the record clearly shows the factual basis to be as alleged. We affirm the trial court’s ruling.
The major issue, however, is the validity of the will. As noted above, the will is attacked on the ground that it was not written in the handwriting of the decedent, and alternatively, that it was made under duress.
In support of the opposition, the opponents produced testimony of themselves, which, although varying in minor degree, is all to the effect that each of them was well acquainted with the handwriting of the decedent having seen it a number of times by virtue of letters written to them and other documents, and that the handwriting of the will differs from prior handwriting of decedent that they had seen. As opposed to this, the proponent has produced the testimony of himself and his wife who are equally familiar with the handwriting of the testator, and they testify that the handwriting is that of the decedent. Supporting proof was offered by the proponent in the form of testimony from William Nuss, Jr., an officer of the bank in which the decedent did business, who testified that he was familiar with the signature of the decedent, and that the signatures of decedent contained upon the bank deposit cards and the will are those of the decedent. Additionally, the proponent produced the testimony of expert witness Cy D. F. Courtney, an attorney at law and examiner of questioned documents, who made a detailed study of the handwriting of the decedent from standards furnished him, in comparison with the will, and who concluded that the will was entirely in decedent’s handwriting. It is further noted that this witness was shown documents on trial, conceded by the opponents to be in the decedent’s handwriting, and indeed offered by them into evidence, and was able to point out the numerous similarities previously demonstrated in his study.
The proponent argues to us that LSA-C.C.P. Article 2932 relative to burden of proof in a nullity action is controlling of the situation here. While essentially we believe the only opposition filed within three months from the date of probate of the testament was that of Curtis, who was dismissed from the suit by virtue of the exception. We find it unnecessary to base a decision on these procedural grounds. A *545 fair consideration of the testimony and evidence discloses that a preponderance of evidence has been shown by the proponent to establish the validity of the will. It is apparent, from the judgment reached by the trial court, that he disbelieved the testimony of the opponents, and in matters of fact, we cannot reverse his decision as to credibility unless there is manifest error. Not only do we not see manifest error, we see a preponderance of the evidence in favor of the proponent.
The other- issue before us is the question of duress. The only testimony offered in this regard is that the decedent had not mentioned to any of the three opponents that he had made a will in 1971, and that he had made several rather vague statements that he had been under some pressure from his brother Otto about money and some things concerning the family property in which the decedent owned an undivided interest.
The will was made on May 13, 1971, and the purported statements were made to- . wards the end of October, 1971 and in -1972. The record discloses that decedent was living in New Orleans with his sister up to the time of his death, and that the proponent was living on the family property near Kentwood, Louisiana, and that at this time they visted each other only rarely. The proponent had been living upon the family property, in which decedent owned his undivided interest, for seven years prior to decedent’s death, and was managing the property. We find no basis whatsoever for concluding that there was any duress in this case, but conclude that the proponent’s assertion that the decedent sought his own lawyer and drew up his will without consultation of any of his family to be the truth of the matter. For these reasons we conclude that the judgment of the trial court is correct.
There is filed herein by the proponent-appellee a motion to dismiss the appeal of John R. Cutrer in accordance with the provisions of Rule XIII, § 3, Uniform Rules-Courts of Appeal. Upon filing of brief herein by appellant, and on oral argument, we were informed that John R. Cu-trer had died during the pendency of this appeal. Accordingly, under the provisions of that Rule, notification was published as disclosed in the record that unless the legal representative of the deceased appellant shall appear and become a party to this appeal within sixty days from the date of the first publication of the Order, the appeal of decedent will be dismissed. The record discloses that more than sixty days have now elapsed from that date and no one has appeared on behalf of the decedent.
Although we believe the rights of the deceased appellant to have been adequately protected by the brief and argument presented by counsel who represented him throughout these proceedings, and given full consideration by this court, because his position is the same as that of his brother, also appellant herein, nevertheless that counsel was not here authorized by the legal representative of decedent’s estate to continue as counsel.
Our rules require 'dismissal of his appeal, but we have some doubt as to the sufficiency of our notice, and we are now informed as to the existence of another possible heir. In order to afford the legal representative of the decedent every possible opportunity to appear, and since appeals are favored under the law, we do not pass upon the motion to dismiss the appeal of John R. Cutrer at this time, but instead reissue notification. However, because of the advanced age of the litigants, justice demands we render a decision on the appeal of the other two appellants.
For the reasons above stated, the judgment appealed from is affirmed as to appellants John T. Curtis and Homer D. Cu-trer; the appeal of John R. Cutrer is con *546 tinued in effect to afford his legal representative an opportunity to appear. All costs of these proceedings are taxed upon appellants.
Affirmed in part and continued in part.